United States Bankruptcy Court
Northern District of Illinois
Eastern Division

| | |
|---|---|
| In re:<br><br>OAKFABCO, INC.,<br><br>Debtor. | |
| ASBESTOS CLAIMANTS COMMITTEE, FOR ITSELF and *ex rel.* OAKFABCO, INC.,<br><br>Plaintiff<br><br>v.<br><br>AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, THE CONTINENTAL INSURANCE COMPANY, COLUMBIA CASUALTY COMPANY, and RESOLUTE MANAGEMENT, INC.<br><br>Defendants. | Chapter 7<br>Bankruptcy No. 15 BK 27062<br>Honorable Judge Jack B. Schmetterer<br><br>Adversary No. 18 AP 00002 |

**OPINION ON DEFENDANTS' MOTIONS TO DISMISS [DKT. NOS. 31 AND 34]**

Plaintiff Asbestos Claimants Committee ("Plaintiff"), on behalf of Debtor Oakfabco, Inc. ("Debtor"), brings this adversary proceeding against Defendants American Casualty Company of Reading Pennsylvania, The Continental Insurance Company, Columbia Casualty Company ("the CNA entities" or "CNA") and Resolute Management, Inc. ("Resolute," or collectively "Defendants").

Plaintiff pleads nine counts against Defendants. Counts I and II are claim objections to CNA's $900,000 Administrative Expense Claim, allegedly incurred as a result of CNA's funding of the case, and Rejection Damages Claim, allegedly incurred as a result of the rejected settlement agreement between CNA and Debtor.

Count III seeks a declaratory judgment stating that asbestos claims have triggered the coverage under the undisputed insurance policies and that CNA is obligated to pay $9,203,422 under these policies. Count IV seeks a declaratory judgment stating that the asbestos claims have triggered the disputed LX insurance policies and that Continental Insurance Company (one of the CNA entities) is obligated to pay $8 million and any additional coverage that is available under the LX policies to pay asbestos claims.

1

Count V alleges that CNA fraudulently induced Debtor into entering the settlement agreement because CNA falsely represented to Debtor that it did not have documents relating to the LX policies. Count VI alleges that CNA fraudulently concealed documents relating to the LX policies from Debtor, and because of the special relationship between Debtor and CNA, CNA violated its duty to disclose the documents, resulting in the inducement of Debtor to enter into the settlement agreement.

Count VII alleges that CNA breached its contractual obligations pursuant to 215 ILCS 5/155 by refusing to perform its duties under the LX insurance policies and thus violating its implied covenant of good faith. Count VIII alleges that Resolute aided and abetted CNA in committing fraud by falsely stating that it had no documents related to the LX insurance policies. Finally, Count IX alleges that Resolute tortuously interfered with the contract between CNA and Debtor by failing to conduct a reasonable search for documents related to the LX insurance policies and informing CNA's attorneys that it was unaware of any such documents in existence.

CNA has filed a Motion to Dismiss Counts V, VI and VII of the adversary complaint. Resolute has filed a Motion to Dismiss Counts VIII and IX of the adversary complaint. Both motions have been brought pursuant to Fed. R. Civ. P. 12(b)(6), made applicable in bankruptcy by Fed. R. Bankr. P. 7012(b). Both motions have been fully briefed. Defendants assert that the facts plead by Plaintiff in its adversary complaint are not a basis for any of the relief sought by Plaintiff. Moreover, with regards to the allegations of fraud, Defendants state that Plaintiff has failed to plead fraud with particularity, as required by Fed. R. Civ. P. 9(b).

Defendants state that they do not believe the adversary proceeding is a core proceeding, and do not consent to final ruling by a bankruptcy judge. It is clear that only Counts I and II, relating to the claims objections, may be adjudicated to final ruling by a bankruptcy judge. For the remaining counts, a bankruptcy judge may try the case and make recommendations to a District Judge pursuant to its related jurisdiction.

Defendants motions to dismiss under Rule 12(b)(6) challenge the sufficiency of the complaint to state a claim upon which relief can be granted. *See* Fed. R. Bankr. P. 7012(b) (incorporating Fed. R. Civ. P. 12(b)(6)); *Hallihan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2) (made applicable by

Fed. R. Bankr. P. 7008), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all allegations in the complaint are true. *E.E.O.C. v. Concentra Health Svcs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). Allegations of fraud require a heightened standard of pleading wherein a plaintiff must state with particularity the circumstances constituting fraud. Fed. R. Civ. P. 9(b) (made applicable by Fed. R. Bankr. P. 7009); *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). The level of particularity required by Fed. R. Civ. P. 9(b) is not specified, but the Seventh Circuit has held that, while dependent on the facts of the case, the pleading, "ordinarily requires describing the who, what, when, where and how of the fraud." *Id.* (quoting *Ackerman v. Northwestern Mutual Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir. 1999)).

    Plaintiff has plead details sufficient to support the Counts in its adversary complaint that are objected to. The complaint gives Defendants fair notice of what they are being accused of and upon what grounds those allegations rest. Moreover, the Plaintiff has clearly plead its case above a speculative level. Plaintiff's allegations of fraud, likewise, answer the questions of who, what, when, where and how, which meets the Seventh Circuit's requirement that a plaintiff state with particularity the circumstances constituting the fraud.

    Defendants arguments as to the weight and nature of the actual facts, or as to the application of the requisite legal standards to the facts, will be decided at trial.

    Accordingly, the Motion to Dismiss Counts V, VI, and VII by CNA will be **denied** by separate order to entered concurrently herewith. Resolute's Motion to Dismiss Counts VIII and IX will also be **denied**.

The Order entered concurrently herewith will require Defendants each to file its Answer to the entire complaint within 14 days of entry of the Order and the matter shall be set for status on June 4, 2018 at 10:30 a.m.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this 11 day of May, 2018